UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDAN G. DUNLEAVY,

        Plaintiff,

vs.

WAYNE COUNTY COMMISSION, et al.,

        Defendants.

_____/

Civil Action No.
04-CV-74670-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

This matter is presently before the court on the motion of defendants Ware and Parker for reconsideration of the opinion and order denying their motion for summary judgment. Specifically, these defendants argue that the court erred in failing to dismiss the complaint as to them on grounds of legislative immunity.

Having had an opportunity to consider this issue in greater depth, the court is convinced that its rejection of the legislative immunity defense was correct because defendants' alleged actions were not legislative in nature.

A review of recent Supreme Court and Sixth Circuit cases demonstrates the correctness of this decision. In *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), plaintiff alleged that the mayor and city council vice-president retaliated against her for exercising her First Amendment rights when they enacted an ordinance eliminating the department of which she was the sole employee. The district court rejected defendants' legislative immunity defense because "'the ordinance amendment passed by the city council was an individually-targeted administrative act,

rather than a neutral, legislative elimination of a position which incidentally resulted in the termination of plaintiff.'" *Id.* at 48.  The court of appeals affirmed on the grounds that "the conduct was administrative, rather than legislative, because [defendants] 'relied on facts relating to a particular individual . . . in the decisionmaking calculus.'" *Id.*  In reversing, the Supreme Court held that defendants were entitled to legislative immunity because their actions, in adopting the ordinance in question, were legislative:

> The ordinance reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents.  Moreover, it involved the termination of a position, which, unlike the hiring or firing of a particular employee, may have prospective implications that reach well beyond the particular occupant of the office.

*Id.* at 55-56.  The Court also noted that plaintiff's position was just one of 135 city positions the mayor had proposed to eliminate in reaction to a decrease in state funding.  *See id.* at 47.

Following *Bogan*, the Sixth Circuit has considered the issue of legislative immunity on only a few occasions.  In *Perry v. Croucher*, 1998 WL 661151 (6th Cir. Aug. 31, 1998), plaintiff was a village police officer who alleged he was discharged by the mayor after plaintiff notified the county prosecutor that the mayor may have been involved in criminal activity.  Plaintiff claimed that the mayor and the city council members who voted unanimously to uphold his termination violated his First and Fourteenth Amendment rights.  In a footnote, the court of appeals indicated that *Bogan* "is inapplicable to this case. . . . The Court contrasted the facts in *Bogan*, with facts similar to the instant case, which involve "'the hiring or firing of a particular employee.'" *Id.* at *3 n.6.

In *Canary v. Osborn*, 211 F.3d 324 (6th Cir. 2000), plaintiff was an assistant principal who alleged that the school board violated his First Amendment rights by voting not to renew his contract after plaintiff publicly complained that school officials were administering achievement

tests improperly.  The board, which justified its vote on budgetary grounds, sought dismissal of the

complaint based on legislative immunity.  The district court denied the motion because "'in not

renewing particular employees' contracts while renewing others, the Board was making individual

employment decisions.'"  *Id.* at 328.   In affirming, the Sixth Circuit defined the scope of the

immunity as follows:

> Unlike the ordinance in *Bogan*, the resolution proposed by [the school district superintendent] and adopted by the Board to not renew Canary's contract did not "b[ear] all the hallmarks of traditional legislation."
>   First, despite the fact that the minutes of the Board meeting contain an entry indicating that the challenged action was taken due to "the adverse financial status being faced by the district," the record does not otherwise reflect that the decision was one "implicating the budgetary priorities of the city and the services the city provides to its constituents."  On the contrary, the minutes indicate that the Board went into executive session for the specific purpose of "discuss[ing] the employment of public employees."  Moreover, the circumstances of the one-hour executive session – which included short visits by some of the individuals under review – suggest that the Board was making personalized assessments of individual employees, not engaging in an impersonal budgetary analysis of various positions....
>     Second, the resolution did not "involve the termination of a position." . . .
>   Finally, unlike in *Bogan*, the record reflects that the alleged action in this case did not have "prospective implications that reach[ed] well beyond the particular occupant of the office."  Shortly after Canary's contract expired, the Board created a new "student facilitator" position at Portsmouth East and hired someone other than Canary to fill it. . . .
>    Thus, the decision at issue did not necessarily have "prospective [budgetary] implications" beyond Canary himself.

*Id.* at 330-31.

The Sixth Circuit next had occasion to consider legislative immunity in *Collins v.

Village of New Vienna*, 75 Fed.Appx. 486 (6th Cir. 2003).  In *Collins*, plaintiff was a village

administrator who alleged that village council members voted to abolish his position in retaliation

for his exercise of First Amendment rights.  In affirming the district court's grant of summary

judgment for defendants, the court of appeals stated:

>    Crediting Collins's allegations as true, the district court correctly
> concluded that the individual defendants are entitled to absolute
> legislative immunity for the act of abolishing the position of Village
> Administrator, the only issue raised on appeal. . . . The determination
> of whether an act was legislative depends upon the nature of the act
> without regard to the motive or intent of the officials involved. . . .
>    Finally, Collins's contention on appeal that his claim falls within
> this court's holding in *Canary*, lacks merit.  In *Canary*, this court
> affirmed a district court interlocutory order that held that individual
> school board members were not entitled to legislative immunity when
> they voted against renewal of an assistant principal's contract, which
> plaintiff alleged was in retaliation for protected "whistleblowing."
> 211 F.3d at 324-25.  However, this court agreed that board members
> were not entitled to immunity because their vote against renewal of
> plaintiff's contract was not legislative in nature where their vote (1)
> constituted a personnel action involving a personalized assessment of
> an individual employee rather than mere budgetary considerations,
> (2) did not involve a true termination of plaintiff's position, and (3)
> did not have prospective budgetary implications beyond the current
> jobholder. *Id*. at 330-31.  Even crediting plaintiff's assertions as true,
> the district court correctly concluded that defendants' act herein was
> legislative in nature.  Defendants passed an ordinance that abolished
> plaintiff's position, but the ordinance did not engage in an individual
> assessment of plaintiff's performance, and it had future implications
> beyond plaintiff's employment.  Under these circumstances, the
> district court correctly concluded that defendants['] act of abolishing
> the position of Village Administrator fell within the Supreme Court's
> holding in *Bogan*.

*Id.* at 488.

As indicated in the court's earlier decision, the court also finds persuasive the

Eleventh Circuit's opinion in *Smith v. Lomax*, 45 F.3d 402 (11th Cir. 1995).  Although *Smith* predates

*Bogan*, the reasoning in *Smith* is fully in accord with *Bogan*, and the facts in *Smith* closely track

those of the present case.  In *Smith*, plaintiff was a county clerk.  At the end of her six-year term,

plaintiff was not reappointed. Rather, the county board of commissioners voted to appoint another

4

candidate instead. Plaintiff sued the two commissioners who cast the deciding votes, contending that the vote was racially motivated and therefore violated plaintiff's rights under the Fourteenth Amendment and Title VII. Defendants sought summary judgment on grounds of legislative immunity. The district court denied the motion and defendants took an interlocutory appeal. The Eleventh Circuit affirmed:

> Legislative immunity provides protection from suit to government officials when they take actions that are "an integral part of the deliberative and communicative processes by which [legislators] participate in . . . proceedings with respect to the consideration and passage or rejection of proposed legislation." Typically, legislators' employment decisions are deemed administrative acts. There can be no question that voting on the appointment of a Board clerk is not the sort of broad "legislative" activity that is typically associated with grants of absolute immunity.
>
> Appellants argue, however, that we should not focus on the obviously administrative nature of their decision; rather, they would have us determine that the single act of *voting* for the person to be appointed clerk rendered their conduct immune from suit. We decline to adopt such a sweeping definition of legislative immunity.

*   *   *

> In *Crymes v. DeKalb County*, 923 F.2d 1482 (11th Cir.1991), we expressly rejected the argument that the act of voting, in itself, constitutes legislative action giving rise to immunity. . . . Rejecting their argument, we explained the reach of the legislative immunity doctrine:

>> [I]t has been held that "[a]lthough a local legislator may vote on an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity."
>>
>> A legislative act involves policymaking rather than mere administrative application of existing policies. If the facts utilized in making a decision are specific, rather than general, in nature, then the decision is more likely administrative. Moreover, if the decision impacts specific individuals, rather than the general population, it is more apt to be administrative in

5

> nature.

> *Id.* at 1485. . . .
>
> Likewise, appellants' decision not to reappoint Smith constituted the application of a county policy, expressed in the Fulton County Code, *see supra* note 1, to a specific party. The decision was not general in nature; rather, it was simply a decision regarding whom to hire. In sum, we are obliged to adhere to our precedent and conclude that the appellants' vote to appoint Hanson to the clerk position was an administrative act and, thus, was not protected by legislative immunity.

*Id.* at 404-406 (citations and footnotes omitted).

Other circuits have likewise concluded that individual employment decisions are administrative, not legislative, and are therefore not protected by legislative immunity. *See Kamplain v. Curry County Bd. of Comm'rs,* (10th Cir. 1998) (noting that a municipality's employment decisions are "essentially administrative in nature," and not legislative, because they do not involve "the enactment or promulgation of public policy" or of a generally applicable "defined and binding rule of conduct"); *Alexander v. Holden*, 66 F.3d 62, 66 (4th Cir. 1995) (indicating that individual employment decisions are administrative, not legislative, in nature because they are unrelated to the adoption of "prospective, legislative-type rules" or the budgetmaking process).

In the present case, defendants are not entitled to legislative immunity because the act of voting to appoint an auditor general (and the concomitant act of declining to vote in favor of renewing plaintiff's appointment) is administrative, not legislative, in nature.  Defendants did not vote to abolish the position, as in *Bogan* and *Collins,* where legislative immunity was found to apply. Rather, defendants took individual employment action, as in *Perry*, *Canary*, and *Smith*, where no such immunity was found.  Legislative immunity simply does not apply when, as here, the action

6

in question involves no deliberative, policymaking or budgetary decision-making (i.e., legislative action), but is rather a decision, whether or not in the form of a vote on a resolution, not to appoint or reappoint an individual applicant for a particular position (i.e., administrative action).

For these reasons,

IT IS ORDERED that defendants' motion for reconsideration is denied.

___s/Bernard A. Friedman _____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: April 25, 2006
        Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____**
**Patricia Foster Hommel**
**Secretary to Chief Judge Friedman**